GREENFIELD v. MILLS.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—INCUMBRANCES.

Where a contract for the sale of real estate provided that the vendee should assume a mortgage for a certain amount, the fact that such incumbrance was represented by two mortgages amounting to the sum specified did not warrant the vendee in refusing to accept a conveyance.

2. MORTGAGES—PAYMENT—PRESUMPTION.

The lapse of 20 years after maturity of a mortgage raises a presumption of payment.

· [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 858, 859.]

3. VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—INCUMBRANCES.

· A vendee refused to accept a conveyance on the ground of a mortgage on the premises. It appeared that the mortgagor of the mortgage had conveyed the land by full-covenant warranty deed to the mortgagee, and that thereafter the latter had conveyed by a like deed to a predecessor of defendant, that the mortgage was payable in 1 year, and that 20 years had elapsed since its maturity. *Held* that, owing to the presumption of payment and to the fact that the covenants against incumbrances in the conveyance by the mortgagee extinguished the mortgage, the vendee's conduct was not justified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 253.]

Woodward and Rich, JJ., dissenting.

Appeal from Municipal Court of New York.

Action by Edward Greenfield against Oswin J. Mills. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Walter E. Warner, for appellant.
Charles S. Carrington, for respondent.

GAYNOR, J. This is an action to recover back a deposit of $200 paid by the plaintiff to the defendant on a contract for the sale of a city lot by the latter to the former. The contract describes the land as 82 feet 10 inches in depth. It fixes the contract price as $7,000 and provides that $2,500 thereof is to be paid by the purchaser assuming a mortgage which is already thereon for that amount, and that $1,500 be paid by giving a bond and mortgage back for that amount, the balance to be paid in cash. The plaintiff refused to take title on the contract day and demanded his deposit back on the grounds (1) that instead of there being a mortgage on the property for $2,500 there were two mortgages, one of $2,000 and one of $500, (2) that there was still another mortgage of $150, and (3) that one of the sides of the lot was 82 feet 9 inches in depth instead of 82 feet 10 inches.

That there were two mortgages making up the $2,500 was of no consequence. The mortgagor of the mortgage for $150 had conveyed the land by a full-covenant warranty deed to the mortgagee in 1843, and the latter afterwards, viz., in 1845, conveyed the land free and clear of the said mortgage by a like deed to a predecessor of the defendant

in the title. This does not present a question of merger; the covenants against encumbrances in the conveyance by the mortgagee wiped out the said mortgage. But if that had not been the case, there is a presumption of payment in the absence of any proof of payments on the mortgage during the more than 20 years it has been due. Ouvrier v. Mahon, 117 App. Div. 749, 102 N. Y. Supp. 981. It was made in 1841, and is payable in one year. The objection that one side of the lot was an inch short was unsubstantial, but in addition it was not proved. The plaintiff's attorney testified that he found that the map for the opening of the street in front took off an extra inch on one side of the lot, but he refused to produce the survey which he had had made, and on cross-examination admitted that it conformed to the description in the contract.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. JENKS and HOOKER, JJ., concur. WOODWARD and RICH, JJ., dissent.